UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM H. MELENDEZ,

   Plaintiff,

v.              Case No. 3:20-cv-01023-BJD-JBT

MARK S. INCH, et al.,

   Defendants.
_____

## **ORDER**

### **I. Status**

Plaintiff, William Melendez, an inmate of the Florida penal system, is proceeding, through counsel, on an amended complaint for the alleged violation of his civil rights while incarcerated (Doc. 54; Am. Compl.). Plaintiff names twenty-eight Defendants, including the Florida Department of Corrections (FDOC), supervisory officials, and individual corrections officers at different correctional institutions. Before the Court are four motions to dismiss: one filed by the FDOC and the supervisory officials, Mark Inch, Barry Reddish, Erich Hummel, John Palmer, P. Hunter, Ronnie Woodall, and Kevin Tomlinson, (Doc. 95; FDOC Motion); one filed by individual corrections officers Philbert, Folsom, Brown, Nosbich, Chandler, Atteberry, Holm, Moreland, Geiger, Williams, Oliva, and Bryant (Doc. 110; Philbert Motion); one filed by

corrections officer Gwara (Doc. 117; Gwara Motion); and one filed by corrections officer Van Allen (Doc. 125; Van Allen Motion).[1] Plaintiff opposes all motions (Docs. 113, 122, 123, 126).

## II. Motion to Dismiss Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A plaintiff should allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's claims. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).

Though detailed factual allegations are not required, Federal Rule of Civil Procedure 8(a) demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. As such, a plaintiff

---

[1] The corrections officers are represented by the same counsel, and their motions are largely the same. Corrections officers Anderson, Harper, Willis, Woods, and Hall have not been served. See Docket. Officer Colin Williams was served on June 4, 2021. Id.

may not rely on "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Gill as Next Friend of K.C.R. v. Judd, 941 F.3d 504, 511 (11th Cir. 2019) (quoting Iqbal, 556 U.S. at 678). Rather, the well-pled allegations must nudge the claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570. In assessing the sufficiency of a complaint, all reasonable inferences should be drawn in favor of the plaintiff. Iqbal, 556 U.S. at 678.

The purpose of the federal pleading rules is to ensure a plaintiff presents his "claims discretely and succinctly, so that[ ] his adversary can discern what he is claiming and frame a responsive pleading." Barmapov v. Amuial, 986 F.3d 1321, 1324 (11th Cir. 2021) (quoting Weiland v. Palm Bch. Cnty. Sheriff's Off., 792 F.3d 1313, 1320 (11th Cir. 2015)).

### III. Complaint Allegations

When he filed his complaint, Plaintiff was a sixty-one-year-old inmate with mental illness, advanced-stage liver fibrosis, Hepatitis C, and bipolar disorder, who had spent most of the last four years in solitary confinement at Florida State Prison (FSP) and New River Correctional Institution (NRCI). See Am. Compl. ¶¶ 1, 3-5. Plaintiff alleges he has "been inhumanely caged and systematically abused by the defendants." Id. ¶ 7. He contends he was deprived his fundamental right of free speech by being retaliated against for

3

complaining about his conditions of confinement, and he was denied due process at disciplinary and segregation hearings by being prevented from attending hearings or presenting evidence. Id. ¶¶ 6, 62.

Plaintiff alleges he was transferred to FSP in August 2016, after he attempted suicide. Id. ¶ 28. At FSP, he was "immediately sent to solitary confinement without a hearing." Id. ¶ 29. Classification-review hearings were held without his presence, so he was unable to "argue for his release to general population." Id. ¶ 32. Plaintiff alleges he "has been in solitary confinement for most of the past four years in horrifically repressive conditions that breed abuse." Id. ¶ 34. For example, when he was first placed in solitary confinement, the size of his cell was only "six steps from front to back," the small window was covered, and the institution controlled the lights, turning them off late and on early to limit sleeping hours. Id. ¶ 35. Plaintiff was further isolated from communicating with others because the cell had a steel door. To communicate his needs to corrections officers, he had to hold a sign up to the door's window, though he was "routinely ignored." Id. ¶ 36.

Plaintiff alleges he was routinely found guilty of trivial and pretextual offenses for which he was punished in various ways, such as by having time added to his isolation classification or being denied outdoor recreation and telephone contact with friends and family. Id. ¶¶ 38-40. He contends the

"repressive environment in the solitary confinement units at [FSP] is ripe for correctional officer abuse." Id. ¶ 46.

Plaintiff describes some instances in which officers allegedly abused him, both at FSP and NRCI: On October 3, 2017, Defendant Van Allen slammed Plaintiff's hand in the food flap, causing severe injury to his fingers, id. ¶ 47; on February 2, 2018, Defendants (Colin) Williams, Brown, Hall, Philbert, Nosbich, Chandler, and Atteberry physically assaulted Plaintiff, allegedly in retaliation for him having filed a Prison Rape Elimination Act (PREA) grievance against Defendant Folsom, id. ¶¶ 49, 52; on June 29, 2018, Plaintiff was gassed after he complained about being prevented from sending legal mail, and officers thereafter starved him to further punish him, id. ¶ 56; on July 16, 2018, Defendants Willis, Geiger, and Woods "brutally assaulted" Plaintiff in the infirmary, where he was taken after he attempted suicide, id. ¶ 57; on October 16, 2019, Defendants Holm and Harper would not allow Plaintiff to shower allegedly because he hollered out of his cell, and the officers threatened Plaintiff with physical abuse and more time in isolation if he reported their conduct, id. ¶ 58; on October 20, 2019, Defendant Anderson wrote Plaintiff a disciplinary ticket for having asked a female officer a question, id.; on July 26, 2020, corrections officers at NRCI abused Plaintiff, allegedly in retaliation for him having filed a PREA grievance against Defendant Oliva, id. ¶ 59; on July

5

28, 2020, at NRCI, Defendants Bryant and Oliva took Plaintiff to the medical unit after he harmed himself, and there, Defendants Williams, Moreland, and Gwara beat Plaintiff at the direction of Bryant and Oliva, id. ¶ 60.

Plaintiff asserts a First Amendment retaliation claim against twenty-four Defendants, including supervisory officials and corrections officers (count one); an Eighth Amendment cruel-and-unusual-punishment claim against all individual Defendants for his isolated conditions of confinement (count two); and Eighth Amendment excessive-force claim against seventeen Defendants for the various instances of physical abuse he endured; a Fourteenth Amendment due process claim against the individual supervisory Defendants (count four); and claims under the Americans with Disabilities and Rehabilitation Acts against the FDOC (counts five and six). He seeks compensatory and injunctive relief.

## IV. Analysis

All Defendants assert Plaintiff's complaint constitutes a "shotgun pleading" and should be dismissed for that reason. See FDOC Motion at 1, 16-17; Philbert Motion at 4-6; Gwara Motion at 4-6; Van Allen Motion at 3-6. The Eleventh Circuit recently issued an opinion reminding district courts they should not "piece together claims for plaintiff's counsel." Barmapov, 986 F.3d at 1328 (Tjoflat, J., concurring). As the majority explained, a shotgun pleading

is one that violates the federal pleading rules by, among other ways, "assert[ing] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. at 1325 (quoting Weiland, 792 F.3d at 1323). A defendant who reads a complaint should not be "hard-pressed to understand 'the grounds upon which each claim [against him] rests'." Id. (quoting Weiland, 792 F.3d at 1322-23.

At first blush, the complaint appears straightforward and organized, but a closer review reveals its inadequacies, at least as to some claims. Take count one, for example. Plaintiff asserts twenty-four of the twenty-eight Defendants retaliated against him, but he does not clarify which conduct by which Defendants constitutes retaliation. As to the twenty officer-Defendants named, Plaintiff references the February 2, 2018, and July 28, 2020 assaults as examples of adverse actions taken against him after he filed grievances. See Am. Compl. ¶ 73. However, those incidents involved fewer than the twenty officers named in this count, and Plaintiff alleges having written a grievance against only two of them—Folsom and Gwara.

Count two is another example of lumping all Defendants together without explaining what conduct amounts to a violation. Plaintiff faults all individual Defendants for placing Plaintiff in isolation for excessive periods of

7

time, but he does not offer or incorporate by reference factual allegations showing how each named Defendant was responsible for or involved in Plaintiff's classification status at FSP and NRCI. Count three similarly is confusing but for a different reason. Plaintiff says in the heading of count three that it applies to seventeen Defendants, but in the numbered paragraphs that follow, he names additional Defendants. Id. ¶ 91.

While it may be possible to decipher the factual basis upon which some of Plaintiff's claims rest as to each Defendant, the Court should not have to engage in mental gymnastics to determine whether Plaintiff substantively states a plausible claim for relief. See Barmapov, 986 F.3d at 1328 (Tjoflat, J., concurring) ("Lawyers simply cannot delegate the responsibility of making their case to the district courts."). As the Eleventh Circuit said when confronted with a shotgun pleading:

> We are unwilling to address and decide serious constitutional issues on the basis of this complaint. We could perhaps decide whether some of these claims were subject to dismissal under Rule 12(b)(6), leaving for another day a decision about other claims following repleading on remand. Piecemeal adjudication of that kind, however, does not promote judicial efficiency. And the toleration of complaints such as this one "does great disservice to the administration of civil justice."

Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001) (remanding with instructions to require the plaintiff to replead his claims because the complaint

8

was "replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants").

Plaintiff may have some plausible claims against some Defendants in counts one through three, but judicial efficiency is not served by parsing this complaint to identify the claims that may proceed and those that may not. Accordingly, the Court will grant the motions only to the extent Plaintiff's complaint fails to satisfy federal pleading rules. Plaintiff will be afforded an opportunity to submit an amended complaint. In doing so, he must cure the noted deficiencies and consider the other arguments Defendants raise in their motions.[2] In addition to clarifying the allegations supporting each claim against each Defendant, Plaintiff should clarify the relief he seeks from each Defendant under each count and whether he pursues such relief against each Defendant in his or her individual or official capacities.

Upon the filing of an amended complaint, if Defendants find it deficient such that they are unable to craft a responsive pleading, they must confer with Plaintiff in good faith to resolve any issues before filing motions to dismiss. See

---

[2] For instance, as to the retaliation claim (count one), some Defendants argue Plaintiff fails to provide sufficient facts showing a causal connection between a protected activity (such as writing grievances) and subsequent allegedly retaliatory conduct by them. See Philbert Motion at 12; Gwara Motion at 9-10; Van Allen Motion at 8-10. Additionally, as to the excessive force claim (count three), some Defendants argue Plaintiff fails to allege conduct by them that caused Plaintiff an injury. See Philbert Motion at 23-24; Gwara Motion at 19; Van Allen Motion at 19.

M.D. Fla. R. 3.01(g). Additionally, as Plaintiff points out in response to the officers' motions (Docs. 122, 123, 126), a defendant asserting an exhaustion defense bears the burden. See Whatley v. Warden, Ware State Prison, 802 F.3d 1205, 1209 (11th Cir. 2015).

Accordingly, it is now

**ORDERED:**

1. Defendants' motions to dismiss (Docs. 95, 110, 117, 125) are **granted** only to the extent Plaintiff's complaint is a shotgun pleading. In all other respects, the motions are **denied**.

2. Plaintiff must submit a second amended complaint within **twenty days** of the date of this Order.

3. By **July 19, 2021**, Plaintiff shall **show cause** why the claims against Defendants Anderson, Harper, Willis, Woods, and Hall should not be dismissed without prejudice for his failure to timely serve them. See Fed. R. Civ. P. 4(m). Plaintiff's failure to show satisfactory cause by the designated deadline will result in the dismissal of the claims against these Defendants without further notice.

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of June 2021.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Counsel of Record