UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM H. MELENDEZ,

        Plaintiff,

v.                                      Case No. 3:20-cv-01023-BJD-JBT

MARK S. INCH, et al.,

        Defendants.
_____

## **ORDER**

Before the Court is Defendants Inch, Palmer, Davis, McClellan, and the Florida Department of Corrections' emergency motion to stay the Court's Order granting Plaintiff's emergency motion for preliminary injunction (Doc. 195; Def. Motion). Defendants, through new counsel, challenge the Court's Order granting Plaintiff's emergency motion for preliminary injunction (Doc. 189) on the ground that they are likely to succeed on appeal. See Def. Motion at 5. Defendants primarily argue the Court erred in failing to hold an evidentiary hearing. Id. They believe an evidentiary hearing was warranted because the parties submitted what they characterize as "competing affidavits" presenting "bitterly disputed facts." Id. at 6. Defendants also maintain "Plaintiff's credibility was called into question" because he told a prison mental

health provider that his suicide attempts "were reactionary to security and instrumental at times." Id. at 7.[1]

Upon review, the Court finds Defendants are not entitled to the relief they seek. The Court closely and carefully studied the evidence both parties submitted in advance of the October 6, 2021 hearing on Plaintiff's emergency motion. Additionally, the Court considered the additional evidence Plaintiffs offered—with no objection by Defendants—at the hearing, which consisted of records (from an outside hospital and prison records) Plaintiff obtained through expedited discovery the night before the hearing.

Upon consideration of the evidence and the parties' arguments, the Court determined an evidentiary hearing was not warranted because the parties agree on the following material facts: Plaintiff has a mental health diagnosis (Major Depressive Mood Disorder with psychotic features according to Dr. Kupers (Doc. S-179-1 at 21) or Generalized Anxiety Disorder and Antisocial Personality Disorder according to Dr. Emanoilidis (Doc. 182-1 at 5)); Plaintiff has a history of self-harming behavior (Docs. S-179-1, 182-1); Dr. Emanoilidis' opinion of Plaintiff's mental health condition primarily is based on the results of Plaintiff's last full psychiatric evaluation, which was

---

[1] Given the nature of the Order Defendants are challenging and the Court's concern for Plaintiff's mental well-being, the Court will not await a response to Defendants' emergency motion.

conducted on December 29, 2020, at New River Correctional Institution (Doc. 182-1); Dr. Emanoilidis has not personally conducted a mental health evaluation of Plaintiff (Doc. 182-1); on August 31, 2021, Plaintiff was admitted to Memorial Hospital Jacksonville because he had mutilated himself by inserting metallic foreign bodies into his arm, which required surgical removal (Doc. 190-1); the medical providers who most recently evaluated Plaintiff (Dr. Kupers on September 15, 2021, and providers at Memorial Hospital Jacksonville between August 31, 2021 and September 2, 2021) concur that Plaintiff needs immediate psychiatric intervention (Docs. S-179-1, 190-1); Plaintiff reported to medical providers recently (at Memorial Hospital and Dr. Kupers) that he has suicidal ideation (Docs. S-179-1, 190-1); Plaintiff is not currently receiving psychotropic medication (Docs. 182-1, 190-1); and Plaintiff has been on Close Management I status since October 19, 2020, based on disciplinary charges that were overturned (Docs. 181-1).

      Defendants were afforded an opportunity to present evidence to rebut Plaintiff's evidence showing he is in imminent need of psychiatric intervention to prevent his suicide. They failed to do so.

Accordingly, it is now

**ORDERED:**

1. Defendants' emergency motion to stay the Court's Order granting Plaintiff's emergency motion for preliminary injunction (Doc. 195) is **DENIED**.

2. Defendants Inch, Palmer, Davis, McClellan, and the Florida Department of Corrections shall immediately comply with the Court's Order (Doc. 189) or **SHOW CAUSE** why sanctions should not be imposed against them for their failure to comply. Defendants shall file a report by Tuesday, **October 12, 2021**, advising of Plaintiff's custody status and location and the steps they have taken to comply with the Court's Order (Doc. 189).

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of October, 2021.

BRIAN J. DAVIS
United States District Judge

Jax-6
c:   Counsel of Record