UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM H. MELENDEZ,

    Plaintiff,

v.                                 Case No. 3:20-cv-01023-BJD-JBT

RICKY DIXON, et al.,

    Defendants.
_____

## ORDER

This cause is before the Court on the parties' supplemental briefs on Plaintiff's emergency motion for preliminary injunction and temporary restraining order (Docs. 263, 264) and on the Florida Department of Corrections' (FDOC's) response to the Court's Order to Show Cause (Doc. 262). Upon review, it is now

**ORDERED**:

1. The Order to Show Cause (Doc. 258) is **DISCHARGED**. See Response (Doc. 262).

2. Aside from the partial relief the Court already **granted** (Docs. 242, 253), Plaintiff's emergency motion for preliminary injunction and temporary restraining order (Docs. 220, 225) is otherwise **DENIED**. The Court finds Plaintiff has not carried his burden showing he is entitled to the additional

injunctive relief he seeks. In his proposed findings of fact and conclusions of law (Doc. 264), Plaintiff primarily reiterates arguments the Court already carefully considered in finding Plaintiff was entitled to partial relief. See Order (Doc. 253). Additionally, since the evidentiary hearing and the filing of Plaintiff's emergency motion, Plaintiff's living conditions have changed. See Response to Order to Show Cause (Doc. 262) (indicating the FDOC transferred Plaintiff to a general population status). Plaintiff's request that the Court appoint an independent mental health expert is duplicative of the relief he seeks in a separate motion (Doc. 209). The Court will issue a ruling on that request (Doc. 209) as the Court's calendar permits.

3. Defendants Dixon, Palmer, Davis, McClellan, and the FDOC's request that the Court vacate its prior rulings (Doc. 263) is **DENIED**. The Court found ample evidence was offered at the evidentiary hearing demonstrating Plaintiff had not received meaningful out-of-cell time for a period of years, including Plaintiff's own unrebutted testimony that he "never" got recreation and the testimony of Plaintiff's expert Dan Pacholke, who testified he reviewed relevant FDOC records and policies and observed that Plaintiff "participated in little to no recreation . . . [or] therapeutic programming or classes." See Order (Doc. 253).

4. The Court directs the parties to confer and file a joint notice by **March 4, 2022**, advising whether they would be amenable to attending a settlement conference to be conducted by a magistrate judge or a senior district judge.

**DONE AND ORDERED** at Jacksonville, Florida, this 25th day of February 2022.

                                              BRIAN J. DAVIS
                                              United States District Judge

Jax-6
c:
Counsel of Record