# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

WILLIAM H. MELENDEZ,

   Plaintiff,

v.          Case No. 3:20-cv-01023-BJD-JBT

RICKY D. DIXON, Secretary of the
State of Florida Department of
Corrections; *et al.*,

   Defendants.

_____/

**PLAINTIFF'S MOTION TO COMPEL RESPONSE TO
SUBPOENA, OR, IN THE ALTERNATIVE, MOTION TO EXCLUDE
ALL EVIDENCE AND TESTIMONY AND MEMORANDUM OF LAW**

Pursuant to Rules 37(a) and 37(c)(1) of the Federal Rules of Civil Procedure, Plaintiff William H. Melendez moves to compel non-party Carl Wesley Kirkland Jr. ("Kirkland") to produce certain documents in his possession that are responsive to Plaintiffs' Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, or, in the alternative, to exclude all evidence and testimony relating to the undisclosed documents. In addition, under Rule 37(a)(5), Plaintiff moves for the reasonable payment of attorneys' fees incurred in seeking these documents and bringing this motion. In support, Plaintiff states:

## FACTUAL BACKGROUND

1.      On December 19, 2022, Defendants Ricky D. Dixon, in his official capacity as Secretary of the Florida Department of Corrections ("FDOC" or "the Department"), Donald Davis, Jeffrey McClellan, Barry Reddish, Erich Hummel, John Palmer, Patricia Hunter, Ronnie Woodall, Kevin Tomlinson, and the Florida Department of Corrections (collectively, "Defendants") filed their Hybrid Witness and Impeachment Disclosures. [D.E. 354]. In their Hybrid Witness and Impeachment Disclosures, Defendants disclosed Carl Wesley Kirkland Jr. as a hybrid expert witness.

2.      On January 6, 2022, Plaintiff served Kirkland with a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action. *See* Subpoena (attached as <u>Exhibit A</u>). Kirkland's response was due by January 13, 2023.

3.      On January 13, 2023, FDOC filed a Motion to Quash and/or Modify Non-Party Subpoena with Incorporated Memorandum of Law, and Objections to Specific Requests regarding Plaintiff's subpoena to Kirkland. [D.E. 382].

4.      On January 18, 2023, Plaintiff filed its Response in Opposition to FDC's Motion to Quash the Records Subpoena to Non-Retained FDC Expert Witness Carl Wesley Kirkland Jr. [D.E. 368].

5.      On January 31, 2022, following discussions between counsel for Plaintiff and FDOC, FDOC agreed to withdraw its Motion to Quash. [D.E. 365].

6.     On February 2, 2022, Plaintiff filed and served its Notice of Taking Remote Deposition of Kirkland. [D.E. 420].

7.     On February 10, 2022, Plaintiff's counsel advised counsel for Mr. Kirkland and FDC that Kirkland's responses to Plaintiff's subpoena were nearly one month overdue, and requested that documents be produced by close of business that day.

8.     To date, Kirkland has not produced any documents in response to Plaintiff's subpoena.

9.     Plaintiff will be prejudiced in not receiving a response to the subpoena, as it will be unable to review the production prior to Kirkland's deposition.

10.     This is an ongoing pattern of discover abuse by Defendants, who have consistently produced documents weeks after their subpoena response deadline but minutes before the witness depositions.

### Testimony and Evidence Related to
### Undisclosed Documents Should be Excluded

Plaintiff issued the records subpoena to Kirkland to establish the foundation for the opinion testimony he intends to proffer at trial, to ascertain the facts upon which he relies for that opinion, and to establish any bias he may have in offering that opinion. The requested documents are necessary to prepare adequately for Kirkland's expert deposition and for anticipated *Daubert* briefing. In the subpoena, Plaintiff requested information that he would request of any other

retained or hybrid expert. Specifically, Plaintiff requested that Kirkland produce documents he is relying upon in forming his opinions about correctional practices. Plaintiff also requested information as to whether Mr. Kirkland has served as an expert witness before, in what cases, and whether it was FDC or the Defendants who employed him as such.

Rule 37(c)(1) provides that [a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1)... is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed."

> Disciplinary sanctions under Rule 37 are intended to serve three functions. First, they ensure that a party will not benefit from its own failure to comply. Second, they are specific deterrents and seek to obtain compliance with either court orders or the ordinary standards of care appropriate for parties and their attorneys. Third, they are intended to serve as a general deterrent in the case at hand and in other litigation, provided that the party against whom they are imposed was in some sense at fault.

*Burnett v. Venturi*, 903 F.Supp. 304, 308 (N.D.N.Y. 1995).

Rule 26(a)(1)(ii) requires a party to provide to other parties, without request, "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Rule 26(a)(1)(ii), Fed. R. Civ. P. To the extent that any documents responsive to Plaintiff's subpoena to Kirkland have not been previously produced by Defendants to Plaintiff, Defendants should

not be permitted to introduce any evidence or testimony relating to the undisclosed documents. *See* Rule 37(c)(1), Fed. R. Civ. P. Indeed, such a sanction is necessary to accomplish the purpose of Rule 37, as allowing the introduction of such evidence or testimony would allow Defendants and Kirkland to benefit from their failure to comply with discovery requirements, as Plaintiff would be denied a meaningful opportunity to review the documents in preparation of Kirkland's deposition. *See Burnett*, 903 F.Supp. at 308.

## REASONABLE FEES AND EXPENSES INCURRED

Pursuant to Fed. R. Civ. P. 37(a)(5). Plaintiff further requests that this Court order Kirkland to pay reasonable expenses for the time expended by Plaintiff's counsel in obtaining the outstanding discovery. "Rule 37(a)(5)(A) requires an award of reasonable expenses, including attorney's fees, against a party or attorney whose conduct necessitated a discovery motion if the motion is granted, or if the requested discovery is provided after the motion is filed." *Foodonics Int'l, Inc. v. Srochi*, No. 3:17-CV-1054-J-32JRK, 2019 WL 12304382, at *3 (M.D. Fla. Dec. 31, 2019) (emphasis added) (citing Fed. R. Civ. P. 37(a)(5)(A)). Fees may only not be ordered if 1) the movant filed the motion without attempting in good faith to obtain the discovery without court action, 2) the nondisclosure was substantially justified, or 3) other circumstances make the award unjust. Fed. R. Civ. P. 37(a)(5)(A).

The first exception does not apply, as Plaintiff conferred repeatedly and in good faith with counsel for Kirkland before filing this motion.[1] *See Pennington v. CGH Tech. Inc.*, No. 6:19-cv-2056-PGB-EJK, 2022 WL 3139242, at *1 (M.D. Fla. Aug. 5, 2022) (awarding fees where before moving to compel, Defendant worked with Plaintiff's counsel to provide an extension of time to respond without the Court's intervention); *Bernstein v. Town of Jupiter*, No. 21-81215-CV-MIDDLEBROOKS, 2021 WL 6135270, at *1, *5 (S.D. Fla. Nov. 23, 2021) (awarding fees where Defendant permitted multiple extensions over two months and "engaged in good faith efforts to obtain better responses to each of the interrogatories at issue without court intervention").

Nor does the second exception in Rule 37(a)(5)(A) apply. "The burden of establishing substantial justification (or other exception) is on the losing party." *Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2013 WL 6238647, at *5 (S.D. Fla. Dec. 3, 2013) (explaining that substantial justification exists where "reasonable people could differ as to the appropriateness of the contested action"). To this day, Kirkland has not provided a legal basis justifying his delay in withholding of documents.

---

[1] On February 10, 2023, Plaintiff gave counsel for Kirkland an opportunity to produce the requested documents by close of business that day. Counsel for Kirkland advised that he would work to have responsive documents produced by February 13, 2023. As of the time of filing this motion, Kirkland has not produced any documents.

The third exception also is not at issue, as ordering Kirkland to pay Plaintiff's fees would not be unjust. To the contrary, it is Kirkland's actions that have caused an injustice to Plaintiff, as it has delayed and hindered the ability for counsel to prepare for depositions in a case in which Plaintiff has the burden of proof, which has an expert discovery deadline that closes on the day of Kirkland's deposition.

Since no exceptions apply, Plaintiff's counsel is entitled to reasonable attorney's fees, which are calculated by multiplying the attorney's hourly rate by the hours expended. *See Poschmann v. Unified Enterprises LLC*, No. 5:20-cv-227-JSM- PRL, 2021 WL 3036306, at *1 (M.D. Fla. Apr. 21, 2021) ("In determining a reasonable attorney's fee, the Court applies the federal lodestar approach, which is calculated by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate for the services provided by counsel for the prevailing party." (citing *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)); *Blum v. Stenson*, 465 U.S. 886, 895 (1984) ("'[R]easonable fees' under § 1988 are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel.").

## Local Rule 3.01(g) Certification

Plaintiff certifies that he conferred with counsel for Kirkland on the above discovery matter and this motion to compel and for fees, as set forth herein and in the attached exhibit.

WHEREFORE, Plaintiff respectfully requests that this Court grant his motion to compel and order Kirkland to produce the documents requested in Plaintiff's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, or, alternatively, order that all evidence and testimony regarding the undisclosed documents be excluded at trial and award him reasonable attorneys' fees and costs in bringing this motion.

RODERICK AND SOLANGE
MACARTHUR JUSTICE CENTER
Alexa Van Brunt (Pro hac vice)
Noor Tarabishy (Pro hac vice)
Danielle Berkowsky (Pro hac vice)
160 E. Grand Avenue, 6th Floor
Chicago, Illinois 60611
(312) 503-0899 (direct)
a-vanbrunt@law.northwestern.edu
noor.tarabishy@macarthurjustice.org
danielle.berkowsky@macarthurjustice.org

NELSON MULLINS RILEY &
SCARBOROUGH LLP

By:   */s/ John P. McDermott, Jr.*

Lee D. Wedekind, III (Lead Counsel)
Florida Bar No. 670588
John P. McDermott, Jr.
Florida Bar No. 1025565
Samuel Ludington
Florida Bar No. 1031284
Kayla Quintana, Esq.
Florida Bar No. 1002295
Becky Esquenazi, Esq.
Florida Bar No. 1032042
Francisco Armada
Florida Bar No. 45291
50 North Laura Street, Suite 4100
Jacksonville, FL 32202
(904) 665-3652 (direct)
lee.wedekind@nelsonmullins.com
john.mcdermott@nelsonmullins.com
sam.ludington@nelsonmullins.com
kayla.quintna@nelsonmullins.com
becky.esquenazi@nelsonmullins.com
francisco.armada@nelsonmullins.com
allison.abbott@nelsonmullins.com

Attorneys and Trial Counsel for
William H. Melendez