UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM H. MELENDEZ,

    Plaintiff,

v.                                            Case No. 3:20-cv-1023-BJD-JBT

RICKY D. DIXON, Secretary of the
State of Florida Department of
Corrections, et al.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendants Florida Department of Corrections (FDOC), Dixon, Reddish, Davis, McClellan, Tomlinson, and Hunter's Motion in Limine for Proper Constitutional Standard (Doc. 459; Motion) and Plaintiff's Response in Opposition (Doc. 490). Defendants move for the court to prevent Plaintiff for introducing evidence that Defendants acted with reckless disregard to Plaintiff's health care needs. Motion at ¶ 2. Defendants seek a clarification on the legal standard on Plaintiff's Eighth Amendment claim.

This lawsuit is about a state inmate suing prison officials and officers for violating the Eighth Amendment under 42 U.S.C. § 1983 and for violating the Americans with Disabilities Act and Rehabilitation Act of 1973. (See

generally Doc. 134). Relevant to this Motion, Plaintiff sues Defendants for the harm he suffered from his extended placement in isolation, or close management (CM) status. Id. at ¶ 1. Within his Second Amended Complaint, Plaintiff alleges he was isolated for years and "intentionally deprived . . . of basic human needs such as human contact, social interaction, physical exercise," and appropriate mental health care. Id. at ¶ 5.

Motions in limine are frequently used to resolve evidentiary issues, particularly those associated with prejudicial evidence, before that evidence is intentionally or inadvertently presented to the jury. Luce v. United States, 469 U.S. 38, 40, (1984) Motions in limine should be limited to specific pieces of evidence and not serve as reinforcement regarding the various rules governing trial, or readdressing substantive motions such as motions for summary judgment. See Royal Indem. Co. v. Liberty Mut. Fire Ins. Co., No. 07-80172-CIV-COOKE, 2008 WL 2323900, at *1 (S.D. Fla. June 5, 2008).

Defendants move for an order requiring "Plaintiff to use the legal standard defined" by case law. Motion at 2. The Eleventh Circuit has recently explained the "mens rea a plaintiff has to prove to make out an Eighth Amendment deliberate-indifference claim." Wade v. McDade, 67 F.4th 1363, 1366 (11th Cir. 2023). "To make out the subjective component of an Eighth Amendment deliberate-indifference claim, a plaintiff must establish that the defendant (1) had subjective knowledge of a risk of serious harm, (2)

disregarded that risk, and (3) acted with more than gross negligence." Id. at 1374. The Eleventh Circuit has described the "'more than gross negligence' standard as 'the equivalent of recklessly disregarding' a substantial risk of serious harm to the inmate." Id. at 1375 (quoting Cottrell, 85 F.3d at 1490–91).

To the extent the parties further dispute what standard a jury may consider in its deliberations, the Court will entertain proper and specific arguments during the charge conference.

Accordingly, it is

**ORDERED:**

Defendants' Motion in Limine for Proper Constitutional Standard (Doc. 459) is **DENIED.**

**DONE** and **ORDERED** in Jacksonville, Florida this 26th day of July 2023.

_____
BRIAN J. DAVIS
United States District Judge

8
Copies furnished to:

Counsel of Record